# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COLORADO

| | |
|---|---|
| PAMLAB, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 07-02546 (WDM)(BNB) |
| CURA PHARMACEUTICAL COMPANY, INC., ) | |
| BI-COASTAL PHARMACEUTICAL ) | |
| CORPORATION, and ANDAPHARM, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

### Findings Supporting Entry Of Protective Order

The parties to this case have requested that the following Stipulated Protective Order be entered to govern the exchange of discovery material that the parties regard as confidential. This case concerns a patent dispute relating to a prescription product comprising vitamin $B_{12}$, vitamin $B_6$ and folic acid, which Pamlab sells under the brand name Foltx®. Defendants sell generic versions of Foltx®. Pamlab has sued each of the Defendants for alleged patent infringement and alleged violation of the Lanham Act. Given the nature of the case, discovery will necessarily focus on several areas of a sensitive proprietary nature - such as the parties' respective research and development efforts, proprietary formulations, and financial information. Many documents concerning these subjects contain confidential proprietary information and trade secrets. Because disclosure of such material poses a substantial risk of causing harm to the parties' respective competitive positions, the parties have developed and

reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Protective Order.

Good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c); *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing or designating party's legitimate proprietary interests. This Protective Order provides reasonable restrictions on the disclosure of such sensitive materials. In order to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the producing party, or other party to which such information is proprietary or confidential, to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "Confidential Information" or "Highly Confidential Information" is limited to specific classes of persons. In addition, this Protective Order provides for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

~~This Order also provides that the party requesting production of the information may challenge the producing or designating party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. The Order allocates to the producing or designating party the burden of justifying the confidentiality designation.~~

Accordingly, the Court hereby enters the following Protective Order:

2

## Protective Order

Whereas, the parties recognize that pursuant to discovery they may be required to disclose trade secrets and other confidential information; and

Whereas, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case.

The following provisions of this Order shall control the disclosure, dissemination, and use of information in this case:

1.  Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party, or witness in connection with this action ("Discovery Material") which, in the good-faith opinion of the party providing such Discovery Material (the "producing party") or the party seeking such designation for information proprietary or confidential to that party (the "designating party") contains any trade secret or other confidential or proprietary research, development, commercial, financial information, or other information that is deemed proprietary or confidential, may be designated CONFIDENTIAL by the producing party or designating party. CONFIDENTIAL Discovery Material, designated as such in accordance with this order, shall be disclosed or made available only to persons permitted by paragraphs 3, 4 and 5. Any highly confidential information and Discovery Material which comprises highly sensitive technical information, including but not limited to research for and production of current or future products (including products presently undergoing FDA approval), highly sensitive financial information and marketing plans and forecasts, and non-public portions of pending or

abandoned patent applications, foreign or domestic, may be designated as "HIGHLY CONFIDENTIAL." It is understood that the "HIGHLY CONFIDENTIAL" designation is an exceptional designation and is to be used in good faith only to protect the information which meets the above defined criteria. HIGHLY CONFIDENTIAL Discovery Material, designated as such in accordance with this order, shall be disclosed or made available only to persons permitted by paragraphs 3 and 5. Notwithstanding any other provision herein, any party may disclose its own CONFIDENTIAL or HIGHLY CONFIDENTIAL information as it wishes, regardless of which party or non-party may have produced the document or testimony containing such information.

2. CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may be designated as subject to this Protective Order as follows:

(a) With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any CONFIDENTIAL or HIGHLY CONFIDENTIAL information appears with the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or a marking of like import; or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY", or HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or a marking of like import.

(b) In lieu of marking the original of a document which contains CONFIDENTIAL or HIGHLY CONFIDENTIAL information prior to inspection, counsel for the producing or designating party may orally or in writing designate documents being produced for inspection as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as provided above, thereby making them subject to this Order; however, any copies of such documents must be marked by the producing party in accordance with subparagraph (a) at the time copies are provided. If such

designation is made orally, the producing party shall within fifteen (15) days of making the oral designation identify to the other parties in writing the documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(c) Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL by indicating on the record at the deposition those portions of the testimony which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information that is to be made subject to the provisions of this Order. Alternatively, a party may designate testimony or information disclosed at a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying the other parties, in writing, within fifteen (15) days of receipt of the transcript of the deposition, those portions of the testimony that are to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as HIGHLY CONFIDENTIAL from the taking of the deposition until twenty (20) days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

Notwithstanding the foregoing, the two employees of a party who are authorized to receive CONFIDENTIAL information under paragraph 4 may attend a deposition at which HIGHLY CONFIDENTIAL information may be disclosed. The designating party shall have the right to exclude such persons from the deposition only during the period any HIGHLY CONFIDENTIAL information is disclosed or discussed.

(d) In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and

all information contained therein may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by prominently marking such paper with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a marking of like import, as provided above.

3. CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be made available to and inspected by any outside counsel of record, including support staff and other assistants;, court reporters; and photocopying and/or graphics services. The current outside counsel of record are listed below:

>Pamlab, L.L.C.:
>Crowell & Moring, LLP
>Michael R. Henson & Assocs., LLC
>
>Cura Pharmaceutical Co., Inc.:
>Sheridan Ross P.C.
>
>Bi-Coastal Pharmaceutical Corp.:
>Sheridan Ross P.C.
>
>Andapharm, L.L.C.:
>Clisham, Satriana & Biscan, LLC
>Rakoczy Molino Mazzochi Siwik, LLP

4. Except as noted below, CONFIDENTIAL, but not HIGHLY CONFIDENTIAL, Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be disclosed to up to two (2) specified personnel employed by each of plaintiff and defendants who are working on or have responsibility for this case. The specified personnel designated by the parties shall not: (1) currently be involved in the preparation or prosecution of any patent application that covers the compositions of Foltx®, Folnate, or Folnate Plus for the duration of the action including appeals, and for a period of at least two (2) years thereafter; or (2) disclose to the United States Food and Drug Administration ("FDA") any

CONFIDENTIAL information obtained as a result of this litigation. CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may also be disclosed to the assistants to the two (2) specified personnel. The two individuals for each party are named below; a different individual may be substituted, or a second individual added, by letter to the counsel of all parties:

> Pamlab, L.L.C.:
> P. Keith Daigle, Esquire
> Harold O. Koch, Jr.
>
> Cura Pharmaceutical Co., Inc.:
> Dr. Fabio Lanzieri
>
> Bi-Coastal Pharmaceutical Corp.:
> Ralph Massa Sr.
> Ralph Massa Jr.
>
> Andapharm, L.L.C.:
> Ronald Lane, Esquire
> John Copanos

The designated personnel for any Defendant shall not have access to material designated by any other Defendant as CONFIDENTIAL without first obtaining written consent from the designating Defendant or by Order of the Court.

5. CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be disclosed to independent experts and independent consultants (including jury consultants) and their staffs (including members of mock juries) who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party. As a condition precedent to disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to any such person, he or she must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; agree to use the

CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material solely for this litigation, and not to disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to any other person, firm, or concern in violation of this Protective Order; and agree never to use any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. Each person specified in the above paragraph shall execute a declaration acknowledging the foregoing, in the form annexed hereto, before receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material. For each independent expert who executes a declaration, counsel who retained the independent expert shall forward by facsimile a copy of the executed declaration, together with a current CV and a list of all cases in which the expert testified at trial or by deposition within the last four (4) years, to counsel for the other parties at least seven (7) days prior to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material. If any party objects to the proposed disclosure to the expert within seven (7) days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to the expert shall make an appropriate motion. The burden shall be on the objecting party to show the Court why the disclosure should not be made.

6.  In the event that counsel for a party deems it necessary to disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to any person not permitted by paragraphs 3—5, said counsel shall notify counsel for the producing or designating party in writing of (a) the specific information, documents and/or testimony to be disclosed and

(b) the person(s) to whom such disclosure is to be made. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure. If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary. In the event of such motion, this Court shall rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

7. Any pleading, brief, declaration, affidavit, or other filing marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall be filed electronically under seal pursuant to the requirements of D.C.COLO.LCivR 7.2 and 7.3. ~~The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL and filed in accordance with this paragraph. The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.~~

8. (a) Nothing in this Protective Order shall prevent a party from using CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material at depositions, at trial, or during a hearing subject to the provisions of paragraph 8(b) below. However, unless CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is confidential information of the party using it, the party must make a reasonably timely request (i) that the portion of the proceeding where use is made he *in camera* or protected from public disclosure to the maximum extent practicable and (ii) that the transcript of that portion of the proceeding be maintained

under seal in accordance with paragraph 7 hereof, with access thereto limited to persons entitled to access under this Protective Order.

(b) A witness at a deposition or trial, who is not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL information pursuant to paragraphs 3—5, may be shown any document that contains or reveals CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material only if the document was authored by, received by, or known to the witness, or provided that the designating party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material if the witness is an officer, director, or employee of the designating party.

9. A document that contains or reveals CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

10. CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material obtained from a producing party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of defending or prosecuting this action for which it is produced. No party or person shall make any other use of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material without prior written permission from the producing party (or designating party, if such information is not confidential information of the producing party), including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court. Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material cannot, for example, be used by the non-designating party for the purpose of preparing or prosecuting any patent application, in any communication with or

petition to the U.S. Food and Drug Administration, or in any communication with the United States Pharmacopeia or any similar organization.

11. Nothing in this Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party or designating party. Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the producing party or designating party shall have the burden of proving its claim.

12. Nothing in this Protective Order shall be construed as an agreement or admission: (a) that any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, or materiality of any such information, document, or the like.

13. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the

terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

14.     The inadvertent or unintentional failure by a producing party or designating to designate specific Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such Discovery Material. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed Discovery Material, without prejudice to the receiving parties' right to challenge the designation pursuant to paragraph 13.

15.     The inadvertent production of Discovery Material subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. If a party has inadvertently produced Discovery Material subject to a claim of immunity or privilege, upon request, any documents and all copies thereof shall be returned promptly, and in no event

later than five (5) calendar days, after a request is made by the producing party or designating party, as required by Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced Discovery Material subject to a claim of immunity or privilege shall be destroyed. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the Discovery Material and generally describe its nature to the Court in any motion to compel production of the Discovery Material. Such a record of the identity and nature of Discovery Material may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the Discovery Material, the receiving party may challenge the producing or designating party's claim(s) of privilege or work-product by making a motion to the Court.

16.   Nothing in this Protective Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17.   (a)   Within sixty (60) days after the conclusion of this action, all Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or designating party, or shall be destroyed, at the option of counsel in possession of such copies. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the producing or designating party that destruction has taken place. Notwithstanding the forgoing, counsel for the parties may retain the pleadings, court papers, transcripts of depositions and hearings and any exhibits thereto, expert reports,

written discovery requests and responses, and correspondence despite the presence of CONFIDENTIAL or HIGHLY CONFIDENTIAL information in those materials. Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written permission of the producing party or designating party (as appropriate), or further order of the Court with respect to dissolution or modification of any such Order(s).

(b)    This Court shall retain jurisdiction over the parties and this Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Protective Order or its terms.

18.    This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

19.    The terms of this Protective Order shall be applicable to any third party who produces Discovery Material which is designated by such third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and any party seeking discovery in any manner of a third party or non-party witness shall provide to them a copy of this Protective Order at the time any subpoena or other request for discovery is first served on such third party or non-party witness. Nothing in this paragraph permits a party to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any Discovery Material produced by a third party which that third party did not itself designate

CONFIDENTIAL or HIGHLY CONFIDENTIAL, unless such Discovery Material contains information proprietary or confidential to a party hereof.

20. Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Discovery Material.

21. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced by any other party or non-party.

| PAMLAB, L.L.C. | CURA PHARMACEUTCIAL COMPANY, INC. |
|---|---|
| _____ | _____ |
| PAMLAB Attorney of Record | CURA Attorney of Record |
| | |
| BI-COASTAL PHARMACEUTICAL CORPORATION | ANDAPHARM, L.L.C. |
| _____ | _____ |
| BI-COASTAL Attorney of Record | ANDAPHARM Attorney of Record |

SO ORDERED this 24th day of March, 2008.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| PAMLAB, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> CURA PHARMACEUTCIAL COMPANY, INC., BI-COASTAL PHARMACEUTICAL CORPORATION, and ANDAPHARM, L.L.C., <br><br> Defendants. | Civil Action No. <br> 07-02546 (WDM)(BNB) |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____ declare and state under penalty of perjury that:

1. My present residential address is _____

_____.

2. My present employer is _____

_____.

3. My present occupation or job description is _____

_____.

4. I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that 1 am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked CONFIDENTIAL to anyone other than the persons permitted by paragraphs 3—5 of the Protective Order, and anything marked HIGHLY CONFIDENTIAL to anyone other than the

17

persons permitted by paragraphs 3 and 5 (but NOT paragraph 4) of the Protective Order. I further understand that I am not to disclose to anyone any words, substances, summaries, abstracts or indices of any CONFIDENTIAL Discovery Material disclosed to me other than the persons permitted by paragraphs 3-5 of the Protective Order, or any words, substances, summaries, abstracts or indices of any HIGHLY CONFIDENTIAL Discovery Material disclosed to me other than the persons permitted by paragraphs 3 and 5 (but NOT paragraph 4) of the Protective Order . I will use the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material solely for purposes relating to the above-captioned litigation. *I will never use any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, directly or indirectly, in competition with the disclosing party nor will I permit others to do so.  I will not use CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material for the purpose of preparing or prosecuting any patent application, in any communication with or petition to the U.S. Food and Drug Administration, or in any communication with the United States Pharmacopeia or any similar organization nor will I permit others to do so.* In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.   At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.    I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____       _____

                                                                                              Signature