IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02546-WDM-BNB

PAMLAB, LLC, *et al.*,

    Plaintiffs,

v.

CURA PHARMACEUTICAL COMPANY, INC., *et al.*,

    Defendants.

## ORDER ON JOINT MOTION TO STAY

Miller, J.

This matter is before me on a Joint Motion to Stay Proceedings (Docket No. 85) filed August 6, 2008. A Motion to Dismiss (Docket No. 29) filed by Defendants Cura Pharmaceutical Company, Inc. ("Cura") and Bi-Coastal Pharmaceutical Corporation ("Bi-Coastal) and a subsequent Motion to Dismiss (Docket No. 76) filed by Defendants Cura, Bi-Coastal, and Andapharm[1] are also pending. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the first motion to dismiss (Docket No. 29) is denied as moot and the motion to stay (Docket No. 85) is granted. The second motion to dismiss (Docket No. 76) shall remain pending, subject to the stay.

Background

---

[1] Subsequent to filing this motion, Andapharm was voluntarily dismissed from the lawsuit pursuant to Fed. R. Civ. P. 41(a)(1).

PDF Final

This dispute surrounds a product providing vitamins $B_6$, $B_{12}$, and folic acid in specified amounts. This product is designed to assist in lowering homocysteine levels, which can contribute to arteriosclerosis and coronary heart disease if elevated in patients. Dr. Robert H. Allen and Dr. Sally P. Stabler developed the product at issue and were awarded United States Patent No. 6,528,496 (the "496 Patent") for it. Thereafter, Dr. Allen formed Plaintiff Metabolife, LLC and the patentees assigned the patent to Metabolife so that "Metabolife is the owner of all right, title, and interest in the []496 patent." (2d Am. Compl. ¶ 14.) Plaintiff Pamlab eventually entered into an exclusive licensing agreement with Metabolife. Under such agreement Pamlab manufactures and sells products with the trademarked name "Foltx®."

According to the second amended complaint, Defendants sell products called "Folnate", which include the same ingredients in the same quantities as the Foltx® products. Andapharm manufactures the products for Cura while Bi-Coastal sells and distributes the products. Plaintiffs allege that Defendants' manufacture, marketing, and sale of Folnate infringes on the 496 Patent and the advertising scheme for Folnate violates the Lanham Act, 15 U.S.C. § 1125(a). Initially, Pamlab was the only plaintiff (See Docket Nos. 1, 16), but Metabolife was added as a plaintiff in the second amended complaint (Docket No. 74) filed April 16, 2008.

Discussion

Defendants moved to dismiss the infringement claim for lack of standing on February 12, 2008 (Docket No. 29) arguing that Plaintiff Pamlab did not have standing to bring suit for patent infringement because it was not the patentee and there was no evidence that Pamlab was the exclusive licensee of the patentee. In response, Pamlab

filed a second amended complaint (Docket No. 74) on April 16, 2008 joining Metabolife, the patentee of the 496 Patent, as a plaintiff. Defendants' reply indicated that they did not know how the addition of Metabolife as a plaintiff in the action would affect their motion to dismiss. Defendants subsequently filed a second motion to dismiss (Docket No. 76) again asserting jurisdiction and adding an argument based on joinder of an indispensable party. Therefore, given that the second motion to dismiss reflects the applicable arguments for dismissal now that Metabolite is a plaintiff, I conclude that the first motion to dismiss (Docket No. 29) is moot.

The parties filed a motion to stay proceedings (Docket No. 85) on August 6, 2008. They assert that they are close to settlement but need additional time to finalize an agreement. They also represent that there are pending issues in this case that should be stayed including the second motion to dismiss (Docket No. 76),[2] a first set of combined discovery requests by Defendants, and notices of depositions by Plaintiff.[3] Given the parties' representations regarding potential settlement and the pending issues before the court and the parties, I conclude that a stay is appropriate.

Accordingly, it is ordered:

---

[2] In the second motion to dismiss (Docket No. 76), Defendants set forth two arguments for dismissal: (1) that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party under Rule 19 and (2) that the patent infringement action should be dismissed for lack of jurisdiction because not all potential co-owners of the patent are joined in the suit. Plaintiffs responded (Docket No. 78) and Defendants replied (Docket No. 81). As the reply raised new arguments, on August 5, 2008, I ordered Plaintiffs to file a surreply by August 19, 2008 (Docket No. 84).

[3] I note that the parties do not list the first motion to dismiss (Docket No. 29) as pending. This supports my conclusion that the motion is now moot given the second motion to dismiss.

1. Defendants' Motion to Dismiss (Docket No. 29) is denied as moot.

2. The parties' Joint Motion to Stay Proceeding (Docket No. 85) is granted. The case is stayed until September 19, 2008.

3. Defendants' Motion to Dismiss (Docket No. 76) remains pending, subject to the stay.

DATED at Denver, Colorado, on August 11, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge